IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



SALLIE CHAPMAN,

    Plaintiff,

v.                                                         CIVIL ACTION NO. 2:17cv283

WAL-MART STORES EAST, LP,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on Wal-Mart Store East, LP's ("Defendant") Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12 (b)(1) and 12(b)(6), to dismiss the lawsuit of Sallie Chapman ("Plaintiff"). Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Sallie Chapman ("Plaintiff"), appearing *pro se*, filed suit against Defendant in the Portsmouth Circuit Court "for the wrongful death and negligence regarding the treatment and ultimate death of William Chapman, II ("Decedent")." Compl. at 2. Plaintiff identifies herself as the "Administratrix of the Estate of William Chapman, deceased." *Id.* In her Complaint, Plaintiff alleges that Decedent entered one of Defendant's stores at approximately 7:30 a.m. on April 22, 2015. *Id.* One of Defendant's security officers believed that Decedent "had put something inside of his backpack while in the shoe department." *Id.* Decedent left the shoe

1

department, visited the restroom, and exited the store. *Id.* The security officer followed Decedent to the parking lot and called the police "to report a possible shoplifting." *Id.* at 3. The police arrived on the scene, approached Plaintiff, "and later shot and killed" him.[1] *Id.*

Plaintiff seeks to impose liability on Defendant for Decedent's death. Plaintiff alleges that (i) Decedent "was wrongfully killed" as a result of Defendant calling the police; (ii) Defendant's actions were a "bad call" and should be considered "racial profiling;" (iii) Defendant's security officer "never intervened to say that [Decedent] hadn't stolen anything" when he "witness[ed] the aggressiveness of the officer that was called to the scene;" (iv) Defendant's security officer had "no proof" to justify the call to the police; and (v) Decedent "would be alive today if [Defendant] had not called the police to state that [Decedent] was a possible shoplifter." *Id.* Plaintiff asks, among other things, "that the surviving beneficiaries and the estate of the Plaintiff [sic] be awarded the sum of 31 million dollars plus interest." *Id.* at 5.

Defendant filed a Demurrer, Memorandum in Support, and Answer in the Portsmouth Circuit Court on May 17, 2017. Notice of Removal at 2, ECF No. 1. On May 26, 2017, before the Portsmouth Circuit Court ruled on Defendant's Demurrer, Defendant removed Plaintiff's action to this Court. *Id.*

On June 23, 2017, Defendant filed its first Motion to Dismiss in which it argues that this Court lacks subject matter jurisdiction over Plaintiff's action. ECF No. 8. In its motion, Defendant explains that Plaintiff is the mother of Decedent and one of ten statutory beneficiaries of Decedent's estate. ECF No. 9 at 1-2. Defendant argues that Plaintiff, who is not a licensed attorney, cannot "bring a *pro se* wrongful death action in her capacity as the Administrator of the Estate of [Decedent]." *Id.* at 5. On August 3, 2017, Defendant filed a Motion for Hearing in

---

[1] The police officer who shot Decedent was subsequently convicted of manslaughter. Compl. at 3.

which it asked the Court to rule on the Demurrer that it previously filed in Portsmouth Circuit Court after the Court resolved its Motion to Dismiss. ECF No. 17.

On September 20, 2017, the Court entered an Order in which it, among other things, agreed that Plaintiff "may not proceed in this action *pro se*." ECF No. 23. However, the Court further stated: ". . . the Court will not dismiss Plaintiff's action at this time. Instead, if Plaintiff would like to proceed with this action, Plaintiff is hereby **ORDERED** to obtain counsel within thirty (30) days of the date of entry of this Order." *Id.* at 7. Further, the Court held Defendant's Motion to Dismiss, Motion for Hearing, and Motion to Compel Disclosure in abeyance "pending resolution of the representation issue." *Id.*

Plaintiff retained counsel on October 18, 2017. ECF Nos. 24-25. Plaintiff filed an Amended Complaint on January 2, 2018. ECF No. 27. On January 16, 2018, Defendant filed an Answer to the Amended Complaint. ECF No. 30. Defendant also filed this instant Motion to Dismiss on January 16, 2018, requesting that this Court dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF Nos. 28-29. Plaintiff filed a Response on February 20, 2018. ECF No. 33. Defendant filed a Reply on February 26, 2018. ECF No. 35.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Unless a matter involves an area over which federal courts have *exclusive* jurisdiction,[2] a plaintiff may bring suit in federal

---

[2] *See* 28 U.S.C. § 1333 (federal courts have exclusive jurisdiction to hear admiralty,

court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 (1948), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (1948).

The court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768. Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

maritime, and prize cases); 28 U.S.C. § 1334 (1948) (federal courts have exclusive jurisdiction to hear bankruptcy cases and proceedings).

**B. Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment proceeding. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items

appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

## III. DISCUSSION

Defendant contends that the Court should grant the Motion to Dismiss because (1) the Court does not have subject matter jurisdiction; (2) the complaint is time barred based on the statute of limitations; (3) Plaintiff has not pled a prima facie case for negligence; and (4) Plaintiff has not pled a claim for punitive damages.

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant argues that the Court does not have subject matter jurisdiction over this matter.

In *Kone v. Wilson*, the Virginia Supreme Court considered "whether the administrator of a decedent's estate may file a wrongful death action *pro se*." 272 Va. 59, 61 (2006). The lower court held that the administrator "could not proceed without counsel;" however, instead of dismissing the action, the lower court directed the administrator to retain a licensed attorney. *Id.* In discussing the various issues raised on appeal after the lower court ultimately dismissed the action, the Virginia Supreme Court explained:

> A wrongful death action is a statutory action created by [Virginia] Code § 8.01-50, which permits a personal representative of a decedent to bring an action on behalf of the decedent's beneficiaries to recover damages caused by the wrongful act, neglect, or default of another. Subsection B of this statute vests this *right of action* in the decedent's personal representative. The *cause of action*, however, does not belong to the personal representative but to the decedent's beneficiaries identified in Code § 8.01-53. Thus, the personal representative merely acts as a surrogate for the decedent's beneficiaries.
>
> Here, because [plaintiff's] right of action existed only to permit him to prosecute the cause of action belonging to [the decedent's] statutory beneficiaries, and not to maintain any cause of action

> personal to [plaintiff] himself, he was not entitled to file the wrongful death action *pro se*. His surrogate status precluded a *pro se* filing because he was acting in a representative capacity for the true parties in interest, [the decedent's] beneficiaries. Therefore, we hold that the circuit court correctly concluded that [plaintiff] could not file a valid wrongful death action *pro se*.

*Id.* at 62-63; *see also Bradley v. Johnson & Johnson*, No. 1:12cv92, 2012 U.S. Dist. LEXIS 74858, at *5-7 (E.D. Va. May 30, 2012) (dismissing a wrongful death action filed by a *pro se* plaintiff based on lack of subject matter jurisdiction).

As stated in the Court's previous Order, the Court already acknowledged that Plaintiff is not the sole beneficiary of the estate. ECF No. 23. Plaintiff is one of ten statutory beneficiaries of Decedent's estate. ECF No. 29-2. Courts have recognized that "the personal representative of an estate cannot represent the estate pro se if there are other beneficiaries or creditors involved." *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, 659 (4th Cir. 2004)); *see also Cadmus v. Williamson*, No. 5:15cv45, 2016 U.S. Dist. LEXIS 112559, at *14 (W.D. Va. Aug. 23, 2016), *adopted by*, 2017 U.S. Dist. LEXIS 27504 (W.D. Va. Feb. 27, 2017) (finding that a plaintiff may not "litigate *pro se* on behalf of the Estate, even though he is the Administrator, because he is not the sole beneficiary").

On September 20, 2017, the Court held, in a previous Order, that Plaintiff "may not proceed in this action *pro se*. However, the Court will not dismiss Plaintiff's action at this time." ECF No. 23. The Court also ordered Plaintiff to obtain counsel, within thirty days of the date of the Order filed on September 20, 2017, if Plaintiff wanted to proceed on the matter. *Id.* If Plaintiff did not retain counsel, this failure to retain counsel would result in the dismissal of Plaintiff's claim. *Id.* Plaintiff retained counsel on October 18, 2017. ECF Nos. 24-25. Plaintiff retained counsel within the thirty day deadline set by the Court, and therefore met the Court's

conditions to proceed on this matter.

Because Plaintiff retained Counsel within the Court's set deadline, the Court holds that this Court has subject matter jurisdiction to proceed on this matter.

## II. Motion to Dismiss for Failure to State a Claim

Defendant contends that the Court should grant the Motion to Dismiss for Plaintiff's failure to state a claim because (1) the complaint is time barred based on the statue of limitations; (2) Plaintiff has not pled a prima facie case for negligence; and (3) Plaintiff has not pled a claim for punitive damages.

### A. Failure to State a Claim based on Statute of Limitations

Defendant argues that Plaintiff's action should be dismissed for a failure to state a claim within the statute of limitations.

As mentioned above, Virginia allows a personal representative of a deceased person to bring a wrongful death action against an alleged tortfeasor whose "wrongful act, neglect, or default" caused the death of the deceased person. Va. Code § 8.01.-50 (1950). The action "shall be brought by the personal representative of the decedent within two years after the death of the injured person." *Id.* § 8.01-244(B) (1950).

"A statute of limitation requires a litigant to file a claim within a specified period of time. If the litigant files the claim after the time period expires, the defendant may assert the statute of limitations defense as an affirmative defense." *Rector v. Approved Fed. Sav. Bank*, 265 F.3d 248, 252 (4th Cir. 2001); *see also* Fed. R. Civ. P. 12(b)(6). "A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 501 (E.D. Va. 2002) (citing *Gordon v. Nat'l Youth Work*

*Alliance*, 675 F.2d 356, 360 (D.C. Cir. 1982)). A defendant's claim that an action is time barred is an affirmative defense that it can raise in a motion to dismiss when the "face of the complaint includes all necessary facts for the defense to prevail." *Meridian Investments, Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) (quoting *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850-51 (4th Cir. 2016)); *see also Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 703-04 (E.D. Va. 2017) ("A claim should not be dismissed for failure to state a claim based on an affirmative defense, such as statute of limitations, but where the facts necessary to support the defense appear on the face of the complaint, dismissal is appropriate.").

The Court is aware of the two year statute of limitations in this case. The statute of limitations began on April 22, 2015. ECF No. 27. Plaintiff filed its original Complaint on April 21, 2017. ECF No. 29-1. After the Court ruled that Plaintiff could not proceed on this matter *pro se*, the Court ordered Plaintiff to retain counsel. ECF No. 23. Plaintiff retained counsel on October 18, 2017. ECF Nos. 24-25. The Court granted Plaintiff leave to file an Amended Complaint because the Court "recognize[d] that Plaintiff may wish to file an Amended Complaint based on the legal input of her new counsel." ECF No. 26. Plaintiff's counsel filed an Amended Complaint on January 2, 2018. ECF No. 27.

Therefore, Plaintiff's Complaint is timely because the Court granted Plaintiff leave to file an Amended Complaint.

### B. Failure to State a Claim based on Negligence

Defendant states that the Court should dismiss Count I of Plaintiff's action because Plaintiff fails to allege a negligence claim.

To state a negligence claim, Plaintiff must allege "a legal duty, a violation of the duty,

9

and consequent damage." *Marshall v. Winston*, 239 Va. 315, 318 (1990)(citing *Fox v. Custis*, 236 Va. 69, 73-74 (1988)). Under Virginia law, a store owner owes the following duty of care to an invitee:

> The [store owner] owed the [customer] the duty to exercise ordinary care toward [customer] as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to [customer], but was, or should have been, known to the [store owner].

*Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182 (1990) (quoting *Colonial Stores v. Pulley*, 203 Va. 535, 537 (1962) (explaining the duty owed to invitees); *see also Knight v. Moore*, 179 Va. 139, 145 (1942) (a store owner must use ordinary care to render the premises reasonably safe for the invitee's visit). "The owner of premises is not an insurer of his invitee's safety thereon." *Turner v. Carneal*, 156 Va. 889, 894 (1931); *see, e.g., LeCato v. Eastern Shore Agric. Ass'n*, 147 Va. 885 (1926) (explaining the duty of care owed to customers).

To recover against a store, plaintiff must plead that store breached a duty to the customer and that the breach caused customer's claimed damages. *See Roanoke Ry. & Elec. Co. v. Whitner*, 173 Va. 253, 258 (1939) (stating that defendant's negligence must have contributed to the accident); *see also Kinsey v. Brugh*, 157 Va. 407, 412 (1931). "An intervening cause which breaks the chain of causation becomes the sole proximate cause and supersedes the antecedent negligence of a defendant." *Roanoke Ry. & Elec. Co.*, 173 Va. at 258.

Plaintiff argues that Plaintiff did allege an adequate claim for negligence. Plaintiff states that Defendant owed Decedent a duty to ensure Decedent was safe during his time on

Defendant's property, both in and out of the store. Plaintiff also contends that Defendant owed a duty to Decedent "to make sure he, in fact, stole [something] before they called the police." ECF No. 33 at 3. Defendant, employees, and loss prevention officer had the opportunity to stop Decedent to determine whether or not Decedent stole any of Decedent's property before leaving the store. Plaintiff also argues that Defendant's employees breached its duty to Decedent because Defendant's employees "did not intervene with the Portsmouth Police Officer who was dispatched to the scene to advise the officer that there was no proof of a theft and that it was only a hunch." *Id.* Plaintiff claims Defendant had a duty to ensure Decedent did not face dangerous and life threatening situations within and without the store. Defendant "willfully, wantonly, negligently, gross negligently put the life of [Decedent]" into a dangerous situation with police that caused Decedent's death. *Id.* Defendant's employee stood there during the commotion between Decedent and the officer without informing the officer that Defendant did not have evidence that Decedent actually stole from the store.

Defendant contends that Plaintiff did not allege an adequate claim for negligence. Defendant did not breach any duty for its failure to search Decedent for any stolen property. The facts do not support any breach of duty. Defendant states that Defendant had the duty to keep its store in a reasonably safe condition, to remove unsafe conditions that it knew of or should have known of, and to warn Decedent of any hazardous conditions that were open and obvious. Defendant argues that Plaintiff failed to establish causation because the officer's shooting of Decedent was an intervening cause of Decedent's death and did not naturally stem from Defendant calling police for Decedent's alleged shoplifting. Defendant did not cause Decedent's damages, the officer's actions did.

The Court finds that Defendant did not breach a duty to Decedent. Defendant had a duty to Decedent, as an invitee, to exercise an ordinary standard of care to ensure Defendant's property was reasonably safe and warn Decedent of any unsafe conditions. *See Winn-Dixie Stores, Inc.*, 240 Va. at 182. Based on the pleadings, Plaintiff does not allege that Defendant breached its duty to exercise an ordinary standard of care of keeping the premises safe. Defendant's act of calling the police for alleged shoplifting is not a breach of any duty owed to Decedent. Additionally, Plaintiff fails to support the element of proximate cause because the officer's actions superseded Defendant's act of calling the police and broke the chain of causation. *See Roanoke Ry. & Elec. Co.*, 173 Va. at 258. The shooting and death of Decedent was not a natural outcome of Defendant's decision to call the police for Decedent's suspected act of shoplifting. Defendant did not know that the police officer would shoot and kill Decedent for allegedly shoplifting Defendant's property. That act alone is out of Defendant's control.

Therefore, the Court finds that Count I of Plaintiff's action is dismissed because Plaintiff failed to state a claim based on negligence.

### C. Failure to State a Claim based on Punitive Damages

Defendant states that the Court should dismiss Count II of Plaintiff's action because Plaintiff fails to allege a claim for punitive damages.

To recover punitive damages, plaintiff must allege willful and wanton negligence, which is "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Griffin v. Shively*, 227 Va. 317, 321-22 (1984) (stating that defendant firing a gun in close proximity to a number of

people in a relatively small room was egregious conduct); *see also Friedman v. Jordan*, 166 Va. 65, 68 (1936). Punitive damages "should be awarded only in cases of the most egregious conduct." *Phillip Morris, Inc. v. Emerson*, 235 Va. 380, 407 (1988); *e.g. Friedman*, 166 Va. at 68 (stating that chasing a bicyclist with a car and running over him involved "willful or wanton" negligence). "It must be considered as the settled law of [Virginia] that punitive damages cannot be awarded against a master or principal for the wrongful act of his servant or agent in which he did not participate, and which he did not authorize or ratify." *Hogg v. Plant*, 145 Va. 175, 181 (1926).

Plaintiff argues that Plaintiff did allege an adequate claim for punitive damages. Defendant did not have sufficient evidence that Decedent stole property and a mere hunch is not "competent evidence to have the police get involved in a situation as in the case at bar." ECF No. 33 at 5. Plaintiff also contends that it is "clear to the world that when the police get involved in a situation the chances are great that there will be an escalation of the tempo of the situation." *Id.* at 5-6. The action of the loss prevention officer to call the police on a hunch exhibited a willful and wanted act, an act that led to Decedent's death resulting from Defendant's call to police.

Defendant contends that Plaintiff did not allege an adequate claim for punitive damages. Calling the police for Decedent's alleged shoplifting is not a willful or wanton conduct. Defendant's had no reasonable belief that calling the police to investigate Decedent's possible shoplifting would result in the death of Decedent. Defendant also argues that Defendant, as the principal of the loss prevention officer, did not ratify any actions taken by the loss prevention officer. If a Defendant did not ratify the acts of its loss prevention officer, then Defendant

cannot be held liable for punitive damages

The Court finds that Plaintiff is not entitled to punitive damages. Plaintiff did not plead any facts to show that Defendant ratified any acts taken by the loss prevention officer. *See Hogg*, 145 Va. at 181. The Court concludes that Defendant's call to the police, concerning Decedent's alleged shoplifting, does not give rise to egregious conduct. *See Phillip Morris, Inc.*, 235 Va. at 407. Additionally, the Court determines that it is not reasonable to suggest that Defendant knew that the call to police would lead to Decedent's death. The officer's actions were the cause of Decedent's death, not the actions of Defendant.

Therefore, the Court finds that Count II of Plaintiff's action is dismissed because Plaintiff failed to state a claim for punitive damages.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** based on Plaintiff's failure to state a claim for negligence in Count I and punitive damages in Count II. Accordingly, this matter is hereby **DISMISSED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 9, 2018

Raymond A. Jackson
United States District Judge